Warner Price-Williams pleaded guilty to sodomy in the second degree, a violation of § 13A-6-64(a)(1), Ala. Code 1975. The trial court sentenced Price-Williams to eight years' imprisonment. Before Price-Williams entered his plea, he reserved the right to appeal the issue of whether a redacted report prepared by a psychotherapist in response to a 1997 court-ordered evaluation of Price-Williams was properly admitted into evidence in the instant case. The evaluation was ordered during Price-Williams's divorce proceedings — which included a custody dispute — to assist the court in determining custody of the parties' children. The crux of the report involved allegations that, 13 years before the divorce, Price-Williams had molested a boy who was 12 years old at the time of the incident. At the conclusion of the divorce case, the court presiding of those proceedings ordered that the entire file be sealed.
In the instant case, Price-Williams was indicted for sodomizing his housekeeper's teenage son. Before trial, the district attorney filed a subpoena duces tecum with the Mobile Circuit Court seeking the contents of the entire file of Price-Williams's divorce proceedings, including the report prepared by the psychotherapist who had examined Price-Williams in 1997. Price-Williams did not object to allowing the district attorney to unseal the file, with the exception of the psychotherapist's report. Price-Williams asserted the report was protected by the psychotherapist-patient privilege.
In the report, the psychotherapist related her discussions with Price-Williams regarding the boy's accusation and her findings and conclusions based upon those discussions. After a hearing to determine whether the prosecution was entitled to the report in the instant case, the trial court disagreed with Price-Williams's assertion that the report was privileged and ordered that it be disclosed to the district *Page 613 
attorney. At trial, prosecutors also sought to include a redacted copy of the report in its case against Price-Williams.
Price-Williams contends that the trial court abused its discretion both in unsealing the report and in permitting the prosecution to introduce a redacted version of the report as evidence in the instant case. Specifically, Price-Williams asserts that the report was privileged pursuant to Rule 503, Ala. R. Evid., and, therefore, that it should not have been disclosed to the prosecution.
The standard of review of a trial court's ruling on a privilege issue is whether the trial court exceeded the scope of its discretion. Exxon Corp. v. Department of Conservation Natural Res., 859 So.2d 1096, 1103 (Ala. 2002); see alsoHarrington v. State, 858 So.2d 278, 300
(Ala.Crim.App. 2002); and Schaefer v. State,695 So.2d 656, 661-63 (Ala.Crim.App. 1996).
Rule 503, Ala. R. Evid., provides for a psychotherapist-patient privilege. The privilege allows a patient
 "to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, . . . among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family."
The privilege has also been codified at § 34-26-2, Ala. Code 1975, which provides: "the confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed."
 "The Alabama legislature placed the protection to be provided by the psychotherapist-patient privilege on the same level as the protection provided by the attorney-client privilege. § 34-26-2. Accordingly, like the attorney-client privilege on which it was modeled, the psychotherapist-patient privilege is personal to the patient, and only the patient may waive it. Watson v. State, 504 So.2d 339
(Ala.Crim.App. 1986). See Swain v. Terry, 454 So.2d 948 (Ala. 1984). In order to impliedly waive a testimonial privilege, the holder of the privilege must objectively manifest a clear intent not to rely upon the privilege. Jordan v. State, 607 So.2d 333, 336 (Ala.Crim.App. 1992)."
Ex parte United Serv. Stations, Inc., 628 So.2d 501,503-05 (Ala. 1993).
There are certain enumerated exceptions to the privilege. Rule 503(d), Ala. R. Evid. The State contends that the prosecution would be entitled to the report at issue in this case under two of the exceptions in Rule 503(d): (1) examination by order of court and (2) child-custody cases.
The State argues that because the report the prosecution sought in this case was prepared pursuant to a court order in the earlier divorce case, the privilege is waived. Rule 503(d)(2), Ala. R. Evid., provides that in those cases where "the court orders an examination of the mental or emotional condition of the patient, communications made in the course thereof are not privileged under this rule with respect tothe particular purpose for which the examination is ordered
unless the court orders otherwise." (Emphasis added.)
Citing Rule 503(d)(5), Ala. R. Evid., the State also argues that because the report was prepared for the child-custody aspect of Price-Williams's divorce case, the report *Page 614 
is not privileged. "There is no privilege under this rule for relevant communications offered in a child custody case
in which the mental state of a party is clearly an issue and a proper resolution of the custody question requires disclosure." Rule 503(d)(5) (emphasis added).
A careful reading of both enumerated exceptions shows that neither applies in this instance. As noted above, the exceptions on which the State relies specifically apply with respect tothe particular purpose for which the examination isordered, Rule 503(d)(2), or when offered in a child-custody case, Rule 503(d)(5). The trial court in Price-Williams's divorce proceeding ordered a psychological evaluation for the particular purpose of assisting it in determining custody as part of the divorce proceedings. Therefore, the report was not privileged in the divorce proceeding and could be disclosed to the parties, the attorneys and the trial court in that case. However, because the report was not prepared for use in this case, the exception does not apply.
As to the second exception, obviously this case involves a criminal prosecution, and the prosecution is not seeking to offer the report in a child-custody case. Accordingly the child-custody exception is also inapplicable.
Although the exception to the privilege found in § 26-14-10, Ala. Code 1975, a part of § 26-14-1 et seq., Ala. Code 1975, known as the Child Abuse Reporting Act, was not argued by the parties before the trial court, on appeal the State cites that Act in further support for its contention that Price-Williams could not invoke the psychotherapy privilege in the case.
Section 26-14-10 provides that "[t]he doctrine of privileged communication, with the exception of the attorney-client privilege, shall not be a ground for excluding any evidence regarding a child's injuries or the cause thereof in any judicial proceeding resulting from a report pursuant to this Chapter." In its brief on appeal, the State stresses that the phrase "any judicial proceeding" supports its argument that the psychotherapist-patient is inapplicable in this case.
The more germane phrase in that section, however, is the language modifying "any judicial proceeding," i.e., "resulting from a report pursuant to this Chapter." § 24-14-10. In other words, the statute does not waive the privilege inany judicial proceeding, as the State asserts, but in any judicial proceeding resulting from a report made pursuant to the Child Abuse Reporting Act. There is no evidence to indicate that this criminal action arose out of a report made pursuant to that Act, or that the State Department of Human Resources was ever involved in this case. Thus, the State's reliance on the provisions of the Child Abuse Reporting Act excluding the psychotherapist-patient privilege is misplaced.
In Harrington v. State, 858 So.2d 278
(Ala.Crim.App. 2002), asserting arguments in direct opposition to those it now makes in this case, the State argued against allowing disclosure of a court-ordered psychological evaluation conducted on the victim. In that case, Harrington was tried for the shooting death of her common-law husband, Anthony Moen. During discovery, Harrington sought to obtain a court-ordered psychological evaluation that had been conducted on Moen years earlier as part of a plea agreement he had entered into in a rape case. The psychologist who conducted the evaluation refused to provide the evaluation on the ground that it was a privileged communication between psychotherapist and patient. Id.
at 299.
Harrington sought to compel production of the evaluation. The State opposed the *Page 615 
motion, arguing "that the psychological evaluation had been conducted in another case and solely to determine whether Moen exhibited the characteristics of a repeat sexual offender and that Rule 503 [Ala. R. Evid.] expressly prohibited disclosure of the psychological report to other parties without waiver by Moen." Id., at 300. The trial court denied Harrington's motion to compel. Id.
In unanimously affirming the trial court's decision, this Court stated:
 "In 1991, Moen underwent a psychological evaluation to assist in determining how to dispose of a pending criminal charge and, presumably, the report was submitted to the court assigned to the case. It is wholly unreasonable to assume that Moen intended to waive his right to confidentiality so that the report could be released to anyone other than the court and the parties in that particular case."
Harrington, 858 So.2d at 301 (emphasis added). This Court continued, "None of Harrington's arguments persuade us that the trial court abused its discretion when it declined to order disclosure of Moen's 1991 psychological evaluation. Outside the confines of the 1991 proceeding, the communications and documents were privileged." Id. at 302.
In this case, the report prepared by the psychotherapist is likewise privileged outside the confines of the 1997 divorce proceeding and custody dispute in which Price-Williams's psychological evaluation was ordered. Price-Williams properly invoked his psychotherapist-patient privilege as to the report in the instant case. There is no applicable exception to the privilege under the facts of this case. Therefore, the trial court exceeded the scope of its discretion in requiring the report to be disclosed to the prosecution and in allowing the prosecution to introduce a redacted version of the report into evidence.
For the reasons set forth above, we hold that the trial court exceeded the scope of its discretion in allowing the sealed report prepared by the psychotherapist in Price-Williams's divorce proceeding to be disclosed to the prosecution when Price-Williams did not waive his psychotherapist-patient privilege to keep the report confidential. Therefore, we reverse the judgment of the trial court and remand this cause to the circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WISE, J., concurs. BASCHAB, P.J., and McMILLAN and SHAW, JJ., concur in the result.