No. 15–0357/MC. U.S. v. Levon Tyler. CCA 201200327. Appellant's motion to extend time to file the supplement to the petition for grant of review granted up to February 25, 2015.

Friday, February 6, 2015

No. 15–0228/MC. U.S. v. Myles R. Spurling. CCA 201400124. On consideration of Appellant's petition for grant of review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals, we conclude that the Court of Criminal Appeals applied erroneous standards of review in evaluating Appellant's ineffective assistance of counsel claim. First, in its review of the facts and circumstances to determine whether a motion to suppress would have been meritorious, the Court of Criminal Appeals relied on the subjective beliefs and opinions of the questioner and third-parties in assessing whether Appellant faced questioning from an individual in an official capacity or for disciplinary purposes. As we made clear in *United States v. Jones*, 73 M.J. 357, 362 (C.A.A.F. 2014), the analysis is informed by an objective standard. Additionally, when the Court of Criminal Appeals reviewed whether the motion to suppress would have been "meritorious," it correctly cited the "reasonable probability" of success standard but then equated that standard with a standard of preponderance of the evidence. *United States v. Spurling*, No. NMCCA 201400124, slip op. at 7 n.18 (N-M. Ct. Crim. App. Oct. 16, 2014). Whether a motion is meritorious falls under the "reasonable probability" standard of *Strickland v. Washington*, 466 U.S. 668 (1994), and "[a] reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. *See United States v. Jameson*, 65 M.J. 160, 161–62 (C.A.A.F. 2007). Therefore, the Court of Criminal Appeals applied the wrong standard in assessing the meritorious aspect of the ineffective assistance claim.

Accordingly, it is ordered that said petition is hereby granted on the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL AP-PEALS (1) APPLIED AN ERRONEOUS STANDARD OF REVIEW IN EVALUATING WHETHER A MOTION TO SUPPRESS WOULD HAVE BEEN MERITORIOUS IN ASSESSING APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, AND (2) ERRED IN DETERMIN-ING THAT ANY SUCH MOTION WOULD FAIL BECAUSE APPEL-LANT WAS NOT ENTITLED TO WARNINGS PURSUANT TO ARTI-CLE 31(b).

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is reversed, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further review under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2012), utilizing the