*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Frantz BEAUGE,**
**Personnel Specialist Chief Petty Officer**
United States Navy, Appellant

**No. 21-0183**
Crim. App. No. 201900197

Argued December 7, 2021—Decided March 3, 2022

Military Judges: Hayes Larsen (arraignment) and
Michael Luken (trial)

For Appellant: *Lieutenant Commander Megan P. Marinos*, JAGC, USN (argued); *Lieutenant Commander Chris Riedel*, JAGC, USN.

For Appellee: *Major Clayton L. Wiggins*, USMC (argued); *Lieutenant Colonel Christopher G. Blosser*, USMC, *Major Kerry E. Friedewald*, USMC, and *Brian K. Keller,* Esq. (on brief); *Lieutenant Colonel Nicholas L. Gannon,* USMC.

For Amicus Curiae Patient/Victim C.G.: *Peter Coote*, Esq. (on brief).

Chief Judge OHLSON delivered the opinion of the Court, in which Judge SPARKS, Judge HARDY, and Senior Judge CRAWFORD joined. Judge MAGGS joined except in Part IV.A.2.

————————

Chief Judge OHLSON delivered the opinion of the Court.

Broadly speaking, Military Rule of Evidence (M.R.E.) 513(a) establishes a privilege that allows a patient to refuse to disclose confidential communications between the patient and his or her psychotherapist if those communications were made for the purpose of diagnosing or treating the patient's mental or emotional condition. M.R.E. 513(d)(3) creates an exception to that privilege when a service regulation or state or federal law imposes a duty on the psychotherapist to report certain information derived from those communications, such as when the patient alleges child sexual abuse. We hold that

this "duty-to-report" exception makes discoverable the information that was required to be reported to state authorities. We also hold, however, that the "duty-to-report" exception, standing alone, does not make discoverable the underlying confidential communications between the patient and the psychotherapist.

In the instant case, we conclude that the lower court properly construed the psychotherapist-patient privilege and its exceptions, and that the military judge acted within his discretion in denying Appellant's request for in camera review of the victim's psychiatric records. We also conclude that Appellant was not denied the effective assistance of counsel. We therefore affirm the judgment of the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA).

## I. Procedural Overview

A general court-martial consisting of officer members with enlisted representation convicted Appellant, contrary to his pleas, of two specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2018). Appellant was sentenced to a reduction to E-1 and confinement for one year. The convening authority approved the sentence as adjudged.

The NMCCA affirmed the findings and sentence as approved by the convening authority. *United States v. Beauge*, No. 201900197, 2021 CCA LEXIS 9, at *26, 2021 WL 82854, at *10 (N-M. Ct. Crim. App. Jan. 11, 2021) (unpublished).

We granted review to resolve the following issue:

> Did the lower court create an unreasonably broad scope of the psychotherapist-patient privilege by affirming the military judge's denial of discovery, denying remand for in camera review, and denying Appellant's claim of ineffective assistance of counsel?

*United States v. Beauge*, 81 M.J. 301 (C.A.A.F. 2021) (order granting review).

## II. Background

In 2016, the child victim in this case, C.G., reported to school officials that she had been sexually abused by her uncle, Appellant. The school's guidance counselor referred C.G.

2

to a counseling center in Florida where she received treatment from a psychotherapist. During the course of this counseling, C.G. made statements to the effect that she had been sexually abused by Appellant. Because Florida law mandates reporting evidence of child abuse, the psychotherapist made the required report to Florida's reporting hotline in a recorded call. The Florida agency that received the report generated an investigative summary and an audio recording of the hotline call, both of which were disclosed to Appellant.[1] *Beauge*, 2021 CCA LEXIS 9, at *5–7, 2021 WL 82854, at *2–3.

Prior to trial, Appellant moved to compel production "of all records of communications between C.G. and [the psychotherapist] leading to a report of child sexual abuse." In his bench brief regarding this motion, Appellant alleged an inconsistency between (a) C.G.'s statement, as reported by the hotline summary, that Appellant "attempted to penetrate her on some occasions," and (b) C.G.'s statement to forensic interviewers where—from Appellant's viewpoint—C.G. failed to renew that specific aspect of her allegation. Appellant argued to the military judge that this alleged inconsistency made it reasonably likely that the psychotherapist's notes contained information that would be admissible to impeach C.G. The military judge denied Appellant's motion to compel, citing the psychotherapist-patient privilege.

### III. Applicable Law

Military Rule of Evidence 513 provides for a psychotherapist-patient privilege in cases arising under the UCMJ. This rule specifically provides that:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist ... if such communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition.

M.R.E. 513(a).

---

[1] Because of delays in procuring the audio recording, it was only made available to Appellant on the day opening arguments began (Feb. 27, 2019), which was after Appellant's motion to compel discovery was resolved (Jan. 29, 2019).

The rule also contains a number of exceptions in subsection (d), which provide that "[t]here is no privilege under this rule" in certain enumerated circumstances. M.R.E. 513(d). For purposes of this case, the relevant exceptions are those which provide that there is no privilege "when federal law, state law, or service regulation imposes a duty to report information contained in a communication," M.R.E. 513(d)(3), and "when the communication is evidence of child abuse or of neglect, or in a proceeding in which one spouse is charged with a crime against a child of either spouse," M.R.E. 513(d)(2). For the sake of clarity, we will refer to the former exception as the "duty-to-report" exception and the latter exception as the "evidence-of-child-abuse" exception.

M.R.E. 513(e) provides the procedure that must be followed when a party seeks to discover information pursuant to any of the enumerated exceptions. First, the moving party must file a written motion seeking an interlocutory ruling by the military judge. M.R.E. 513(e)(1). Then, "[b]efore ordering the production or admission of evidence of a patient's records or communication, the military judge must conduct a [closed] hearing" to discuss the merits of the issue. M.R.E. 513(e)(2). If in camera review of the records or communications sought "is necessary to rule on the production or admissibility of protected records or communications," the military judge "may" conduct such a review. M.R.E. 513(e)(3). However:

> Prior to conducting an in camera review, the military judge *must find by a preponderance of the evidence* that the moving party showed:
>
>> (A) a specific factual basis demonstrating a reasonable likelihood that the records or communications would yield evidence admissible under an exception to the privilege;
>>
>> (B) that the requested information meets one of the enumerated exceptions under subsection (d) of this rule;
>>
>> (C) that the information sought is not merely cumulative of other information available; and
>>
>> (D) that the party made reasonable efforts to obtain the same or substantially similar information through non-privileged sources.

M.R.E. 513(e)(3) (2016 ed.) (emphasis added). If, after the completion of this hearing and review process, the military judge decides that the party seeking to compel production has met this burden, the military judge may order production or disclosure of the requested records or communications. Any such production or disclosure, however, "must be narrowly tailored to only the specific records or communications, or portions of such records or communications, that meet the requirements for one of the enumerated exceptions to the privilege." M.R.E. 513(e)(4).

## IV. Discussion

As a preliminary matter, neither party disputes the fact that the communications between the victim and her psychotherapist were confidential and that they were made for the purpose of diagnosing or treating a mental or emotional condition. Therefore, under M.R.E. 513, these communications were privileged unless they fall within an enumerated exception.

### A. The Duty-to-Report Exception

### 1. Litigation Background

As noted above, Appellant moved to compel "production of all records of communications between C.G. and [her psychotherapist]" that gave rise to the psychotherapist's required report to state authorities. Appellant cited M.R.E. 513(d)(3)—the duty-to-report exception—as the basis for his motion. The military judge ruled, however, that Appellant did not meet his burden to show by a preponderance of the evidence that the communications between C.G. and her psychotherapist fell within this enumerated exception as required by M.R.E. 513(e)(3)(B). The military judge found instead that "[o]nly the information *reported* is not privileged under" the duty-to-report exception—not the original communications between a psychotherapist and a patient that served as the source for the mandated report. (Emphasis added.)[2]

---

[2] We note that the military judge in this case did a particularly commendable job in assessing Appellant's motion to compel. He carefully laid out the relevant facts, put considerable thought into his legal analysis, and lucidly explained his conclusions. Such meticulous work at the trial level is very helpful to a reviewing court.

The lower court, in upholding the ruling of the military judge, modified this formulation to hold that "the plain meaning of" the duty-to-report exception is that the privilege is vitiated *only* "with respect to the 'information' that is *mandatorily reported . . .* , not the entirety of the confidential communications leading to the report." *Beauge*, 2021 CCA LEXIS 9, at \*11, 2021 WL 82854, at \*4 (emphasis added).[3]

### 2. Scope of the Psychotherapist-Patient Privilege

Both at trial and on appeal, Appellant has taken a contrary position. In his view, the prefatory language stating that " '[t]here is no privilege' " when there is a legal duty to report means that *all* "underlying communications that resulted in [a mandated] report" are rendered discoverable as soon as the psychotherapist notifies the state of a child sex abuse allegation. Brief for Appellant at 8–9, *United States v. Beauge*, No. 21-0183 (C.A.A.F. Aug. 4, 2021) (first alteration in original) (citation omitted). Therefore, according to Appellant, "[t]he fact that Florida law imposes a duty to report effectively eliminates the psychotherapist-patient privilege for the entire conversation that [the psychotherapist] had with C.G., per the plain language of [M.R.E.] 513(d)(3)." *Id.* at 14.

In deciding which, if any, of these various interpretations of M.R.E. 513 is correct, we engage in a de novo review of the issue because it is a question of law. *LRM v. Kastenberg*, 72 M.J. 364, 369 (C.A.A.F. 2013). In conducting this de novo review, this Court employs principles of statutory construction. *United States v. Kohlbek*, 78 M.J. 326, 330 (C.A.A.F. 2019). One such fundamental principle is that "the plain language of a [rule] will control unless it leads to an absurd result."

---

[3] As explained later in this section, the distinction between the military judge's use of the phrase "information reported" and the NMCCA's use of the phrase " 'information' that is mandatorily reported" may be an important one in certain cases. The latter formulation maintains the privilege over information that *was* reported but which was not *required* to be reported. (Thus, for example, if a psychotherapist included in his or her report to state authorities confidential information about the patient that was unconnected to a child sex abuse allegation, that material would remain privileged.) However, this distinction does not affect the resolution of the instant case.

*United States v. King*, 71 M.J. 50, 52 (C.A.A.F. 2012). In determining whether language is plain, a court must look "to the language itself, the specific context in which that language is used, and the broader context of the [rule] as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). Where "only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law," that meaning will prevail. *United Sav. Ass'n of Texas v. Timbers of Inwood Forests Assocs.*, 484 U.S. 365, 371 (1988).

We disagree with the contention by both Appellant and the NMCCA that the language of the exception contained in M.R.E. 513(d)(3) is immediately "plain." Rather, we view the scope and effect of the duty-to-report exception as being ambiguous when viewed in isolation. Specifically, we do not find the rule to be clear on its face as to whether—as Appellant argues—the privilege instantly evaporates in regard to *all* communications between a psychotherapist and a patient that resulted in a state-mandated report, or whether—as the Government argues—the privilege does not exist only in regard to the information required to be provided to the state. This is because although M.R.E. 513(d)(3) describes the *circumstances* in which the privilege is vitiated, it does not expressly state the *scope and effect* of that vitiation. That is, the exception specifies *when* it applies, but it does not specify *in what manner and to what extent* it applies. M.R.E. 513(d)(3).

Because of this facial ambiguity in the duty-to-report exception, we must interpret it in light of the broader context of the rule. *See King v. Burwell*, 576 U.S. 473, 486 (2015) ("If the statutory language is plain, we must enforce it according to its terms. But oftentimes the 'meaning—or ambiguity—of certain words or phrases may only become evident when placed in context.'" (citation omitted) (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132 (2000))). In doing so, we must keep in mind that the provisions of M.R.E. 513 were crafted to balance the interest of a victim in having private communications protected, the interest of an accused in having potentially exculpatory material disclosed, and the interest of the military in facilitating access to information that bears on the well-being of its servicemembers and the

7

integrity of its operations.[4] This Court should not take lightly the constraints these policy-laden choices place on our authority to second-guess the Executive on this point.

Appellant argues that the broader context of the psychotherapist-patient privilege supports his view that the Executive intended the duty-to-report exception to vitiate the privilege with respect to all of the communications that gave rise to a required report. Specifically, Appellant argues that: (1) communications from a psychotherapist to state authorities are not covered by the provisions of M.R.E. 513(a) and thus *are not privileged*; (2) M.R.E. 513(d)(3) is styled as an *exception* to the M.R.E 513(a) privilege; and thus (3) it would be internally inconsistent for the rule to preliminarily exclude from the protection of the privilege the communications between a psychotherapist and the state, but then for the rule to create an exception to this privilege to enable access to something that was not privileged in the first place. Accordingly, in Appellant's view, the exception created in M.R.E. 513(d)(3) must have been intended to apply to a type of communication that *is* subject to privilege—here, the communication between the patient and the psychotherapist. In other words, Appellant reasons that the duty-to-report exception must have been intended to reach the underlying communications between patient and psychotherapist— which are covered by M.R.E. 513(a)—because a required report from a psychotherapist to a state is *not privileged* under M.R.E. 513(a) and M.R.E. 513(d)(3) is styled as an *exception* to that privilege.

---

[4] *Compare Jaffee v. Redmond*, 518 U.S. 1, 10 (1996) (recognizing a federal psychotherapist-patient privilege in light of the view that "[e]ffective psychotherapy . . . depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears"), *with Manual for Courts-Martial, United States*, Analysis of the Military Rules of Evidence app. 22 at A22-51 (2016 ed.) ("These exceptions are intended to emphasize that military commanders are to have access to all information that is necessary for the safety and security of military personnel, operations, installations, and equipment.").

This argument by Appellant's counsel is creative and thought-provoking. Ultimately, however, we must reject Appellant's premise that required communications from a psychotherapist to a state are necessarily not privileged. We note that most courts that have considered the issue have ruled that, in the absence of a statute to the contrary, these legally required communications between a psychotherapist and state authorities are, indeed, privileged—at least to the extent they are intended to be kept confidential.[5] Even where

---

[5] *See, e.g.*, *State v. R.H.*, 683 P.2d 269, 274–75 (Alaska Ct. App. 1984) (holding that, although psychotherapists are "required to report evidence of child abuse . . . to public employees, and [reports] are required to be recorded in public offices," reports of child abuse retain their status as privileged because they "are considered confidential and are not subject to public inspection" (internal quotation marks omitted) (citation omitted)); *Ross v. Blank*, 958 So. 2d 437, 442 (Fla. Ct. App. 2007) (denying the appellant's request for in camera review of a psychotherapist's mandatory report to the state); *Caver v. City of Trenton*, 192 F.R.D. 154, 162 (D.N.J. 2000) (holding that a psychotherapist's report, although shared with the patient's employer in the form of a binary "recommendation of fitness for duty," was privileged because the patient "was told and reassured that the psychological records and reports would be kept strictly confidential, and would not be disclosed"); *Price-Williams v. State*, 982 So. 2d 611, 615 (Ala. Crim. App. 2007) (holding that a court-ordered "report prepared by the psychotherapist is . . . privileged" despite having been used in a "divorce proceeding and custody dispute"); *People v. Stritzinger*, 668 P.2d 738, 744 (Cal. 1983) (holding that a report by a psychotherapist—made under a mistaken belief that the report was required—did not vitiate privilege as to the matters reported); *Zapata v. People*, 2018 CO 82, ¶ 26, 428 P.3d 517, 524 (holding that "competency reports, completed by either a psychiatrist or licensed psychologist . . . , are protected by the . . . psychologist-client privilege" even though they are disclosed to third parties in litigation); *Barrios-Barrios v. Clipps*, No. Civ. Action 10-837, 2011 U.S. Dist. LEXIS 111920, at *6–7, 2011 WL 4550205, at *3 (E.D. La. Sept. 29, 2011) (unpublished) (detailing a magistrate judge's ruling that psychologist's report was "protected from discovery by the psychotherapist-patient privilege" despite being provided to a government agency because the report "was intended to be confidential and was actually maintained as confidential by the Civil Service Department"); *but see State v. Snell*, 714 A.2d 977, 979 (N.J. Super. Ct. App. Div. 1998) (holding that a statute providing that "information which the physician or the patient is required to report to a public official is not privileged" operated

reports to state authorities are not considered privileged—
due to the specific language of a state statute or because the
patient waived the privilege—courts generally find that the
communications underlying the report remain privileged.[6]
Insofar as courts have ruled to the contrary, it seems to have
been in light of state statutes specifically providing that the
psychotherapist-patient privilege does not apply in certain
classes of cases.[7]

---

"to waive the privilege only as to the requirement of making an in-
itial report to a public official" (internal quotation marks omitted)
(citation omitted)).

[6] *See, e.g., United States v. Hayes*, 227 F.3d 578, 586 (6th Cir.
2000) (holding that "compliance with the professional duty to [dis-
close to third parties] does not imply a duty to testify against a pa-
tient in criminal proceedings or in civil proceedings other than di-
rectly related to the patient's involuntary hospitalization, and such
testimony is privileged and inadmiss[i]ble if a patient properly as-
serts the psychotherapist/patient privilege"); *State v. Judd*, 457
P.3d 316, 323 (Ore. Ct. App. 2019) (holding that a mandatory re-
porting statute "only abrogate[d] privilege[] . . . to the extent that a
report be submitted," and not "for the purpose of admitting evidence
in a judicial proceeding"); *Barmore v. City of Rockford*, No. 09 C
50236, 2013 U.S. Dist. LEXIS 64048, at *6–7, 2013 WL 1883221, at
*1 (N.D. Ill. May 3, 2013) (unpublished) (approving of a magistrate
judge's conclusion that, in light of a "limited waiver," "production of
the Defendants' mental health and treatment information is lim-
ited to the reports produced by the evaluators, and that the Plaintiff
is not entitled to any underlying records or communications from
the Defendants' [psychotherapists], even if they were relied-upon
by the evaluators").

[7] *See, e.g.*, *State ex rel. D.M. v. Hoester*, 681 S.W.2d 449, 451–52
(Mo. 1984) (holding that state privilege statute did not operate to
bar "evidence in any judicial proceeding relating to child abuse or
neglect" (emphasis removed) (internal quotation marks omitted)
(citation omitted)); *State v. Denis L.R.*, 2005 WI 110, ¶ 7, 283 Wis.
2d 358, 699 N.W.2d 154 (interpreting statute which provided that
"[t]here is no privilege for information contained in a report of child
abuse or neglect"); *State v. Strauch*, 2015-NMSC-009, ¶ 2, 345 P.3d
317 (holding that patient-psychotherapist communications were
discoverable in light of state statute providing that "[n]o privi-
lege shall apply for confidential communications concerning any
material that a [social worker] is required by law to report to a pub-
lic employee or public agency" (alteration in original) (internal quo-
tation marks omitted) (citation omitted)); *State v. Orwick*, 153 Ohio

For the reasons cited below, we believe the Executive intended to adopt the majority approach in regard to the duty-to-report exception, maintaining as privileged the confidential reports which psychotherapists are required to make to state agencies.

First, the rule makes clear the Executive's intent to place with the patient the choice as to whether or not to assert the privilege. Indeed, the very core of the rule is that "[*a*] *patient has a privilege* to refuse to disclose and to prevent any other person from disclosing a confidential communication." M.R.E. 513(a) (emphasis added). The reporting of required information by a psychotherapist to state authorities is not a volitional act on the part of the patient—or even on the part of the patient's psychotherapist. Rather, it is an act compelled by the full force of state law. No such legally mandated act should be deemed to preclude patients from vindicating their personal interest in preventing the further disclosure of confidential communications they engaged in with their psychotherapist for the purpose of facilitating the diagnosis or treatment of a mental or emotional condition. Simply stated, the intent of the rule is to vest control of disclosure with the patient, and in the absence of plain language to the contrary, we should not choose a reading of the rule that subverts this principle.

Second, M.R.E. 513(b)(4) provides that "[a] communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional services to the patient or those reasonably necessary for such transmission of the communication." This provision suggests information retains its status as confidential material—even when it has been disclosed to third parties—as long as the disclosure "was made for the purpose of facilitating diagnosis or treatment [for a] mental

_____

App. 3d 65, 2003-Ohio-2682, 790 N.E.2d 1238, at ¶ 16 (holding that "[w]here a statute requires an individual to report . . . , the [individual] may generally testify to the contents of the required disclosure without violating any corresponding privilege" in light of a state statute "which explicitly provides that 'in a criminal proceeding, the report is admissible in evidence . . . and is subject to discovery'" (internal quotation marks omitted) (citation omitted)).

or emotional condition." M.R.E. 513(a).[8] This view dovetails with the fact that "one of [the] chief purposes" of mandatory reporting statutes like Florida's is to remove the underlying cause of harm and facilitate access to "comprehensive protective services for abused and neglected children." *Dufresne v. State*, 826 So. 2d 272, 277–78 (Fla. 2002); *see also* Fla. Stat. § 39.101(b)(6) (2021) (noting that the central abuse hotline is intended to "[s]erve as a resource for the evaluation, management, and planning of preventive and remedial services for children who have been abused, abandoned, or neglected"). Thus, when analyzed comprehensively, the express language of the rule militates in favor of the view that disclosures to a person within the state government, to whom the psychotherapist is required to report allegations of child sexual abuse, do not affect the privileged status of their contents.

Third, the relevant state statute in this case keeps required reports confidential. In this case, it was Florida state law that required the psychotherapist to report any knowledge or suspicion "that [C.G. was] the victim of sexual abuse." Fla. Stat. § 39.201(1)(a)(2) (2021). The Florida law also provided that "all . . . reports made to the central abuse hotline and all records generated as a result of such reports, shall be confidential and exempt from the provisions of [the public inspection and copying statute] and shall not be disclosed except as specifically authorized by this chapter." Fla. Stat. § 39.202(1) (2021). These measures taken by the state to keep child sex abuse reports confidential support the position that the material remains subject to a claim of privilege by the patient.

Accordingly, we conclude that required reports from a psychotherapist to state authorities about child sex abuse allegations are indeed privileged and thus, contrary to Appellant's assertions, the provisions of the duty-to-report exception are neither surplusage nor inconsistent with the regulatory scheme of M.R.E. 513 writ large.

---

[8] M.R.E. 513(b)(3) operates similarly, providing that disclosures to a third party who is "directed by or assigned to assist a psychotherapist in providing professional services" do not vitiate a patient's privilege.

Having clarified that the privilege provided by M.R.E. 513 applies not only to confidential patient-psychotherapist communications but also to legally required reports to state authorities, the question remains: when the duty-to-report *exception* applies, in what manner and to what extent does it vitiate the privilege?

### 3. The Duty-to-Report Exception

We find two of the privilege rules instructive on this point. We first note that, even when an exception applies, the Executive has decided to strictly limit disclosure: "Any production or disclosure permitted by the military judge under this rule must be narrowly tailored to only the specific records or communications, or portions of such records or communications, that meet the requirements for one of the enumerated exceptions to the privilege . . . ." M.R.E. 513(e)(4). The references to producing material contained only in "*specific* records or communications" and "*portions* of such records or communications" demonstrate that the required report, the hotline summary of the report, and the confidential communications between the victim and the psychotherapist should not be viewed as a unitary whole. *Id.* (emphasis added). Rather, the three sets of communications must be examined independently of one another to determine which "specific records or communications" or "portions of such records or communications" should be produced. *Id.* Thus, the vitiation of the privilege in regard to the information communicated to the state does not automatically result in the vitiation of the privilege in regard to the communications between the victim and her psychotherapist. To read M.R.E. 513(d)(3) as *broadly* encompassing the underlying communications between the victim and her psychotherapist—rather than just the information required to be reported to state authorities and any state-generated summary thereof—would violate the command that any disclosure "must be *narrowly* tailored." M.R.E. 513(e)(4) (emphasis added).

And, second, the rule relating to waiver of privilege makes clear that mere disclosure does not vitiate the privilege. To the contrary, M.R.E. 510(a) provides that a privilege-holder's voluntary disclosure of privileged matter results in waiver only if the disclosure amounts to a "significant part of the

matter or communication," and even then only where the disclosure is made "under such circumstances that it would be inappropriate to allow the claim of privilege." In our view, this provision suggests that the use of privileged material in a legally required report would not justify a finding of waiver as to all underlying matters discussed in the report.

We therefore agree with the NMCCA that the most natural meaning of M.R.E. 513(d)(3) is that "the privilege is lost with respect to the 'information' that is mandatorily reported . . . not the entirety of the confidential communications leading to the report." *Beauge*, 2021 CCA LEXIS 9, at *11, 2021 WL 82854, at *4. In other words, the language of the duty-to-report exception should be read to mean that the privilege is vitiated *only* in regard to the specific *information* that *was contained in the communication to state authorities* and *was required by law or regulation to be reported*.[9] In this case, because Appellant received the full audio of the psychotherapist's report to the state agency, Appellant received all of the information he was entitled to discover under the duty-to-report exception—and perhaps more.

## B. In Camera Review

A "military judge may examine the evidence or a proffer thereof in camera, if such examination is necessary to rule on the production or admissibility of protected records or communications." M.R.E. 513(e)(3). "We review a military judge's decision . . . to deny a motion for in camera review of records . . . for an abuse of discretion." *United States v. Jacinto*, 81 M.J. 350, 353 (C.A.A.F. 2021).

We begin by noting the permissive nature of this passage in the rule, which states that a military judge "may" examine

---

[9] To be clear, the exception would not allow the discovery of information beyond what is *required* to be reported. For example, if a psychotherapist reports to state authorities irrelevant confidential communications by a patient in the course of reporting the required information, the privilege would not be vitiated as to the irrelevant information because the irrelevant information was not subject to a reporting duty. *See Stritzinger*, 668 P.2d at 744 (holding that it was "error to admit [the psychotherapist's] testimony concerning" a report that was not actually required by the statute, and thus the information erroneously reported retained its status as privileged).

the evidence in camera. But further, we underscore the fact that where an Appellant's motion to compel does not meet the standard laid out in M.R.E. 513(e)(3), a military judge does not have the authority to conduct an in camera review. *See* M.R.E. 513(e)(3) (providing that, "[p]rior to conducting an in camera review, the military judge *must* find by a preponderance of the evidence that the moving party" met their burden (emphasis added)).

In this case, the military judge ruled that the duty-to-report exception applies only to information contained in a report made pursuant to a legal duty. (As noted above, we modify this slightly to hold that the duty-to-report exception applies only to the specific information which is *required* to be reported. However, based on the facts of the instant case, this distinction had no practical effect on the military judge's decision-making.) Because the military judge ruled that the exception did not apply to this information, Appellant necessarily failed to meet his burden to show, by a preponderance of the evidence, either "a specific factual basis demonstrating a reasonable likelihood that the records or communications would yield evidence admissible *under an exception to the privilege*" or "that the requested information me[t] *one of the enumerated exceptions.*" M.R.E. 513(e)(3)(A)–(B) (2016 ed.) (emphasis added). Therefore, the military judge properly denied in camera review because he did not abuse his discretion in finding that Appellant did not make the required preliminary showing.

## C. Ineffective Assistance of Counsel

As part of the granted issue, we next must decide whether the lower court erred in denying Appellant's claim of ineffective assistance of counsel. Appellant specifically complains that, although the defense raised the duty-to-report exception under M.R.E. 513(d)(3) in seeking to obtain the communications between the psychotherapist and the child victim, the defense failed to also raise the evidence-of-child-abuse exception under M.R.E. 513(d)(2).

"When a claim of ineffective assistance of counsel is premised on counsel's failure to make a motion . . . , an appellant must show that there is a reasonable probability that such a

motion would have been meritorious." *United States v. Harpole*, 77 M.J. 231, 236 (C.A.A.F. 2018) (citation omitted) (internal quotation marks omitted). A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *United States v. Spurling*, 74 M.J. 261, 261 (C.A.A.F. 2015) (citation omitted) (internal quotation marks omitted). Claims of ineffective assistance are reviewed de novo. *United States v. Furth*, 81 M.J. 114, 117 (C.A.A.F. 2021).

We initially note that Florida law requires the reporting of any knowledge or suspicion "that a child is the victim of sexual abuse." Fla. Stat. § 39.201(1)(a)(2). From our perspective then, the duty-to-report exception and the evidence-of-child-abuse exception are effectively coterminous in this case. Thus, we conclude that the information provided by the psychotherapist to the state in the M.R.E. 513(d)(3) context fully satisfied the reporting requirement under the rubric of "evidence of child abuse." M.R.E. 513(d)(2).

We next hold that Appellant's counsel was not ineffective for failing to raise a constitutional objection.[10] To be sure, there is some merit to Appellant's constitutional concerns. The right to cross-examine a witness for impeachment purposes has constitutional underpinnings because of the right to confront witnesses under the Sixth Amendment and the due process right to present a complete defense. And, in certain instances, the psychotherapist-patient privilege seemingly trumps an accused's right to fully confront the accuracy and veracity of a witness who is accusing him or her of a criminal offense.

---

[10] We note that there is disagreement among the lower courts regarding the significance of the removal of the "constitutional exception" from the list of enumerated exceptions in M.R.E. 513(d). Because the Government agrees with the reasoning of the United States Army Court of Criminal Appeals in *LK v. Acosta,* 76 M.J. 611 (A. Ct. Crim. App. 2017), "that the removal of a constitutional exception from an executive order-based rule of evidence cannot alter the reach of the Constitution," we need not decide the precise significance of the removal of this express exception in order to decide this case. Brief for Appellee at 34, *United States v. Beauge*, No. 21-0183 (C.A.A.F. Sept. 24, 2021) (internal quotation marks omitted) (quoting *Acosta*, 76 M.J. at 615).

However, the debate on the confrontation issue is limited by the Supreme Court's decision in *Pennsylvania v. Ritchie*, in which a plurality of the Court opined that the Sixth Amendment right "to question adverse witnesses . . . does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." 480 U.S. 39, 53 (1987) (plurality opinion).[11]

Supreme Court precedent similarly limits Appellant's due process argument. As the Court stated in *Holmes v. South Carolina*, only rules which "infring[e] upon a weighty interest of the accused *and* are arbitrary or disproportionate to the purposes they are designed to serve" will be held to violate the right to present a complete defense. 547 U.S. 319, 324–25 (2006) (alteration in original) (emphasis added) (internal quotation marks omitted) (citation omitted). And as the Supreme Court recognized in *Jaffee*, the psychotherapist-patient privilege "promotes sufficiently important interests to outweigh the need for probative evidence." 518 U.S. at 9–10 (internal quotation marks omitted) (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980)). We do not find a basis to conclude that the privilege, as applicable in the instant case, was either arbitrary or disproportionate to the purposes served. Even if the point is arguable, it has not been *established* such that a failure to make the argument constitutes ineffective assistance.[12]

---

[11] The *Ritchie* Court ultimately held that "Ritchie [was] entitled to have the" confidential government report on the victim "reviewed by the trial court to determine whether it contain[ed] information that probably would have changed the outcome of his trial" as a matter of due process under the Fourteenth Amendment. 480 U.S. at 58. The Supreme Court based this conclusion on the fact that the report was in the possession of the government and the relevant law "contemplated *some* use of [such] records in judicial proceedings." *Id.* at 57–58. In the instant case, however, Appellant does not allege that the Government was ever in possession of the records which Appellant was seeking.

[12] Because this issue was presented as an ineffective assistance claim, we express no opinion as to when the Constitution may compel discovery of documentary records. Rather, we simply note that Appellant's counsel was not constitutionally ineffective for failing to raise what would have been a cutting-edge claim.

## V. Conclusion

We hold that the NMCCA's interpretation of the duty-to-report exception to the psychotherapist-patient privilege was not overly broad when the lower court upheld the military judge's ruling that only the information subject to mandatory reporting was discoverable. Thus, the military judge's denial of in camera review was proper because a military judge may not conduct in camera review of privileged material where a party moving to compel production of protected records or communications has not made a showing that the information sought meets an enumerated exception as required by M.R.E. 513(e)(3)(A) and (B).

We further hold that Appellant was not denied the effective assistance of counsel. A motion grounded in the evidence-of-child-abuse exception would have failed because, on these facts, this exception and the duty-to-report exception were effectively coterminous, and a motion grounded in a constitutional claim would not have been supported by existing case law. Accordingly, we affirm the decision of the United States Navy-Marine Corps Court of Criminal Appeals.